# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HOLMES, III,

    Plaintiff,

vs.

METROPOLITAN POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 2:13-cv-00877-APG-GWF

**O R D E R**

    Plaintiff has paid the initial partial filing fee. The court has reviewed the complaint. The court will dismiss some defendants in their official capacities, and the court will serve the complaint upon defendants for a response.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that defendants have seized and refused to return property that is not related to any of the crimes for which he has been convicted. His allegations indicate that there are two categories of property. First, in counts 1 through 3, he complains about the seizure of property during the execution of a search warrant. Second, in counts 4 through 7, he complains that he was required to turn over $70,000 to the police due to the conspiracy of the defendants, who include police officers, federal agents, and his attorneys. Plaintiff seeks monetary damages, interest, and costs.

Plaintiff has alleged plausible claims in all counts, but there are some possible reservations in counts 4 through 7. First, two of the defendants in those counts are Sean Sullivan and Kevin Kelly, who represented plaintiff in the criminal proceedings. Normally, criminal defense attorneys do not act under color of state law, but plaintiff has alleged that Sullivan and Kelly were conspiring with state agents to cause plaintiff to lose his money. If plaintiff can prove this conspiracy, Sullivan and Kelly could be said to have acted under state law. See Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010). Second, exhibits attached to the complaint show that the $70,000 was forfeited in a state-court action. If it is determined that plaintiff is turning to this court to overturn a decision of the state court, then this court would lack jurisdiction to consider counts 4 through 7. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

Defendants Fulmer, Kramarczyk, and Sampilo are federal agents. Plaintiff may sue them in their individual capacities for violations of his constitutional rights. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The federal agents also might

be liable in their individual capacities for the damages that plaintiff seeks pursuant to 42 U.S.C. § 1983 if plaintiff can prove that they conspired or acted in concert with state actors. <u>Cabrera v. Martin</u>, 973 F.2d 735, 742 (9th Cir. 1992). However, plaintiff may not sue them in their official capacities, because that is effectively a suit against the federal government, and no such cause of action exists. <u>Ibrahim v. Department of Homeland Security</u>, 538 F.3d 1250, 1257 (9th Cir. 2008). The court dismisses the official-capacity claims against defendants Fulmer, Kramarczyk, and Sampilo.

Plaintiff has submitted a motion for appointment of counsel (#4).

> There is no constitutional right to appointed counsel in a § 1983 action. However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915[(e)(1)]. To decide whether these exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.

<u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotations and citations omitted), <u>withdrawn on other grounds</u>, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The court finds that exceptional circumstances do not exist in this case, and the court denies the motion.

**IT IS THEREFORE ORDERED** that the clerk of the court shall file the complaint, issue summons to the named defendants, and deliver same to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that from now onward, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading,

1  motion or other document submitted for consideration by the court.  Plaintiff shall include with the
2  original paper submitted for filing a certificate stating the date that a true and correct copy of the
3  document was mailed to the defendants or counsel for the defendants.  The court may disregard any
4  paper received by a district judge or magistrate judge which has not been filed with the clerk, and
5  any paper received by a district judge, magistrate judge or the clerk which fails to include a
6  certificate of service.

7       **IT IS FURTHER ORDERED** that the official-capacity claims against defendants Fulmer,
8  Kramarczyk, and Sampilo are **DISMISSED**.

9       **IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (#4) is
10  **DENIED**.

11       DATED:   November 15, 2013.

                                                  ANDREW P. GORDON
                                                  United States District Judge