# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HOLMES, III,

        Plaintiff,

vs.

METROPOLITAN POLICE
DEPARTMENT, et al.,

        Defendants.

Case No. 2:13-cv-00877-APG-GWF

**ORDER**

Motion to Stay Discovery (#37)

This matter is before the Court on Defendants' Officer Bradley Nickell, Detective P. Fielding, and Detective Dale Franc's ("LVMPD Defendants") Motion to Stay Discovery (#37), filed on July 8, 2014. Defendants Kelly & Sullivan, Ltd., Sean P. Sullivan and Kevin M. Kelly filed their Joinder to Motion to Stay Discovery (#41) on July 9, 2014. No opposition was filed in this matter.

## **BACKGROUND**

On May 17, 2013, Plaintiff Robert Holmes, III, who is proceeding in proper person, filed his Complaint pursuant to 42 U.S.C. § 1983 and *Bivens*, therein alleging that the defendants seized and refused to return property that was not related to any of the crimes for which he was convicted. *See Dkt. #1-1.* Specifically, in counts one through three he alleged property was wrongfully seized during the execution of a search warrant and in counts four through seven he alleged that he was required to turn over $70,000.00 to the police due to the conspiracy of the defendants, who included police officers, federal agents, and his attorneys. *Id.* In its Order (#7) the Court noted its possible reservations regarding the inclusion of defendants Sullivan and Kelly, criminal defense attorneys who are normally not deemed to be acting under color of state law. The Court indicated that the Plaintiff would have to prove a conspiracy involving the defense attorneys to pursue the

§1983 claim against the non-state actors. *See Dkt. #7*. The Court also noted its reservation that the Plaintiff was potentially using this court in an attempt to overturn a decision of the state court regarding the $70,000.00 that was forfeited in a state-action, in which the federal court would lack jurisdiction. *Id*. Noting its reservations, the Court permitted Plaintiff to proceed with his action and ordered the Clerk of the Court to file the Complaint and issue summonses to the named defendants for service. *See Dkt. #7*.

In response, Defendants Kevin M. Kelly, Sean P. Sullivan, and Kelly & Sullivan, Ltd. ("Sullivan Defendants") filed a Motion to Dismiss (#22) therein arguing that the Plaintiff failed to sufficiently allege a claim for conspiracy. *See Dkt. #22*. The Sullivan Defendants further argue in the alternative that Plaintiff's Complaint should be dismissed due to the principle of res judicata and the statute of limitations time bar. The Sullivan Defendants purport that this claim arose from their representation of Plaintiff in his 2006 state, criminal proceedings. *See Dkt. #22*. They allege that the Plaintiff has since filed three suits essentially seeking the same relief. The first suit was allegedly filed in state court in June 2010 for fraudulent conduct, obtaining money under false pretenses and denial of due process. *Id*. This case was purportedly dismissed with leave to amend one count of fraud with the decision affirmed by the Nevada Supreme Court in case number 58331. Plaintiff allegedly filed a second suit claiming identical causes of action in December 2012 with the Clark County District Court, which was dismissed with prejudice due to the statute of limitations bar and claim preclusion. *Id*. Plaintiff filed an appeal on June 17, 2013, which is pending under the Nevada Supreme Court's Civil Appeals Pilot Program for *pro set* litigants as case number 63312. *Id*. Plaintiff's third case is the instant §1983 action brought in federal court, which the Sullivan Defendants argue should be precluded pursuant to the principle of res judicata.

In addition to claim preclusion, the Sullivan Defendants also argue that Plaintiff's §1983 action is time barred. They argue that the statute of limitations under Nevada law is two years and, though Plaintiff did not specifically allege when he knew of his alleged injury, he was aware of it at least as early as September 3, 2010 with the filing of his first amended complaint in his first lawsuit.

. . .

2

On June 23, 2014, Defendants Las Vegas Metropolitan Police Department ("LVMPD") filed its Motion to Dismiss (#25), similarly arguing that Plaintiff's complaint is barred by res judicata and the running of the statute of limitations. *See Dkt. #25*. Specifically, Defendant LVMPD alleges that Plaintiff filed a motion for return of seized property in November 2011, which was denied. The Nevada Supreme Court dismissed Plaintiff's appeal based on lack of jurisdiction in that the denial of the forfeiture motion was not an independently appealable order. *See Dkt. #25*. Defendant LVMPD argues that, "[n]ow, some eight years after the original issues arose in this case, Holmes ask[s] this Court to award damages for the property seized in connection with [his] stolen property convictions." *Id*.

The Court granted Plaintiff Holmes' request for an extension of time to respond to the Defendants' Motions to Dismiss, therein giving Plaintiff until September 8, 2014 to file his opposition. *See Dkt. #40*. On July 8, 2014, the LVMPD Defendants filed the present Motion to Stay Discovery (#37) pending the decision on their motion to dismiss. The Sullivan Defendants subsequently filed their Joinder to the Motion to Stay (#42) on July 9, 2014.

## **DISCUSSION**

The Sullivan and LVMPD Defendants move to stay all discovery in this case pending the decision on their motions to dismiss. It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *See Rutman Wine Co. V. E&J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). In *US Philips Corp. v. Synergy Dynamics Int'l, LLC*, 2006 WL 3453225, *3 (D.Nev. 2006), the court stated that "[t]he party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied. *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D.Cal. 1995), citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 419 (9th Cir. 1975)." Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a potentially dispositive motion. In *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-6 (D.Nev. 1997), the court, quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989), stated:

> To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: "A district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir.1981), *cert denied,* 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *B.R.S. Land Investors v. United States,* 596 F.2d 353 (9th Cir.1979). (Emphasis added).

Federal district courts in the Eastern and Northern Districts of California apply a two-part test in evaluating whether discovery should be stayed. First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. If the moving party satisfies these two prongs, the court may issue a protective order. Discovery should proceed if either prong of the test is not met. *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, *6 (E.D.Cal. 2011), citing other decisions applying the two-part test or variations thereof.

The court in *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 2011 WL 130228, *4 (E.D.Cal. 2011), states that in applying the two-part test, it must take a "peek" at the merits of the pending motion in order to assess the validity of the stay of discovery motion. A merely colorable defense usually will not qualify to stay discovery. Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed. This view is consistent with *Turner Broadcasting System, Inc. v. Tracinda Corp.* and *Twin City Fire Ins. v. Employers Insurance of Wausau.*

Defendants' assertions that Plaintiff's complaint is precluded by res judicata and time barred by the statute of limitations are compelling arguments in favor of staying the proceedings. If successful, the pending motions to dismiss will potentially dispose of the entire case. Furthermore, Plaintiff's claims appear to arise out of the same transaction or occurrence of previous law suits which limits if not completely disposes of the need for discovery in deciding the pending motions to dismiss. The Court therefore finds that the Defendants have stated a compelling argument that Plaintiff's claims will be dismissed. Accordingly,

. . .

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery (#37) is **granted**, and discovery in this action is stayed pending the Court's decision on Defendants' Motions to Dismiss (#22, 25).

DATED this 29th day of July, 2014.

*George Foley Jr.*
_____
GEORGE FOLEY, JR.
United States Magistrate Judge