**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROBERT HOLMES, III, | Case No. 2:13-cv-00877-APG-GWF |
| Plaintiff, | |
| v. | **MOTION FOR DEFAULT JUDGMENT** |
| METROPOLITAN POLICE DEPARTMENT, *et al.*, | (DKT. #60) |
| Defendants. | |

Plaintiff Robert Holmes, III requests a default judgment against defendants Ryan Anderson, Roger Palmer, and U.S. Immigration and Customs Enforcement. Holmes contends that because these defendants failed to respond to the complaint he is entitled to default judgment against them. But Holmes has failed to first obtain a default from the clerk and he has failed to establish that default judgment is warranted. I therefore deny his motion.

**I.   DISCUSSION**

Obtaining a default judgment is a two-step process.[1] First, when a defendant fails to properly respond, the plaintiff must request that the clerk enter the defendant's default.[2] After the clerk enters default, a party may then seek entry of default judgment pursuant to Rule 55(b).

---

[1] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

[2] Fed. R. Civ. P. 55(a).

Upon entry of default, I take as true the factual allegations in the complaint.[3] Nonetheless, "[e]ntry of default does not entitle the [plaintiff] to a default judgment as a matter of right."[4] I must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[5] The plaintiff bears the burden of establishing that his motion for default judgment is warranted.[6] As a general rule, default judgments are disfavored.[7] Ultimately, whether a default judgment will be granted is within my discretion.[8]

Entry of default has not been entered by the clerk in this case. This alone is sufficient grounds to dismiss Holmes' motion.[9] Once the clerk has entered default against the defendants, Holmes may once again seek a default judgment.

But even if I were to consider the merits of Holmes' present motion, I would not enter default judgment. Default judgments are disfavored and "whenever it is reasonably possible

---

[3] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

[4] *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (quoting *Valley Oak Credit Union v. Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991)).

[5] *Eitel*, 782 F.2d at 1471–72.

[6] *See, e.g., Kantor v. Monument Homes Realty & Inv.*, LLC, No. CV081451PHX-DGC, 2009 WL 113844, at *1 (D. Ariz. Jan. 16, 2009) ("Plaintiff does not address the *Eitel* factors. Nor has he presented evidence establishing the monetary damages he seeks. Because Plaintiff has not met his default judgment burden, the Court will deny his motion without prejudice."); *see also* L.R. 7-2.

[7] *Id*. at 1472.

[8] *See Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).

[9] *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (explaining two-step process to default judgment); *see also* Fed. R. Civ. P. 55(a) & (b).

cases should be decided based on the merits."[10] As explained above, a fact-intensive, seven-factor test guides my decision to grant default judgment. Holmes has failed to establish that any of these factors favor default judgment in this case. For example, he does not address his potential prejudice, the merits of his claims, the possibility of disputes as to the material facts, or whether the underlying default resulted from excusable neglect. In addition to not first seeking default, Holmes' failure to address the default judgment factors is another reason to deny his motion.[11]

Because Holmes has failed to obtain entry of default, and because he has failed to establish that default judgment is warranted, I deny the motion without prejudice to his ability to seek default judgment in the future, should he be able to do so.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Robert Holmes, III's Motion for Default Judgment (Dkt. # 60) is DENIED.

**DATED** this 10th day of March, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[10] *Pena Seguros La Commercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

[11] *See Kantor,* No. CV081451PHX-DGC, 2009 WL 113844, at *1.