1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Robert Holmes, III,

        Plaintiff,

        v.

Las Vegas Metropolitan Police Department, *et al.*,

        Defendants.

Case No.: 2:13-cv-00877-JAD-GWF

**Order Dismissing Claims Against the Metro Defendants and the Lawyer Defendants as Time-Barred, Dismissing Claims against Sampilo, Kramarcyzk, and Holl under FRCP 4(m), and Giving Plaintiff until 10/30/15 to Show Cause Why His Claims Against ICE Should Not Be Dismissed under FRCP 4(m)**

[ECF 88, 90]

      Robert Holmes, who is representing himself pro se from Nevada's High Desert State Prison in Nevada, alleges that his former lawyers conspired with law enforcement agents and organizations in 2006 to illegally seize property from him, including $70,000.00. He sues the lawyers, their law firm, the Las Vegas Metropolitan Police Department (Metro), several Metro detectives, the United States Immigration Customs Enforcement Task Force (ICE), and a number of its agents, alleging violations of his constitutional rights.

      I have before me two motions to dismiss.[1] One is brought by Sean Sullivan and Kevin Kelly, the lawyers Holmes contends conspired with law enforcement officers.[2] The second is brought by the Metro officers alleged to be part of that conspiracy and by Metro itself.[3] Both sets of defendants argue that Holmes's claims, which he asserts under 42 § USC 1983 and *Bivens,* are barred by Nevada's two-year statute of limitations on these claims.

      Because Holmes knew or had reason to know of the injury that is the basis of his claims more than two years before filing this lawsuit, I conclude that his claims are time-barred and must be dismissed. Holmes had plenty of opportunities to timely assert his claims. He could have asserted

---

[1] Holmes was timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). *See* ECF 89, 91.

[2] ECF 88.

[3] ECF 90.

them in 2006, directly after the alleged illegal seizure took place.  He could have asserted them in 2007, when he was named in a civil forfeiture suit involving the property Holmes believes he is entitled to now.  And he may have even been able to assert them as late as September 3, 2012, which is two years after he filed the first of two state-court lawsuits against Sullivan and Kelly based on essentially the same facts, circumstances, and legal theory that he relies on now.

It is too late, however, for Holmes to assert his federal claims now in what is essentially the fourth incarnation of the same lawsuit.  I therefore grant with prejudice the defendants' motions to dismiss.

I also dismiss, under FRCP 4(m), Holmes's claims against defendants S. Sampilo, J. Kramarczyk, and Julie Holl.  These defendants were never properly served.  Finally, I give Holmes until October 30, 2015, to show cause why his claims against ICE should not similarly be dismissed under FRCP 4(m) because ICE appears to have never been properly served either.[4]

## Background[5]

### A.    Seized Property and the State Court Conviction

Holmes filed this case on May 17, 2013.  The events that gave rise to it, however, occurred more than six years before that, in the fall of 2006.  That is when Metro executed a series of search warrants and seized property from him.[6]  Holmes contends that the officers seized property that was not subject to the warrant, including 32 silver dollars, 71 buffalo nickels, and a 2 oz. piece of solid

---

[4] I find this case suitable for disposition without oral argument.

[5] These facts come from the amended complaint and its attachments and are not intended as findings of fact.  For these motions to dismiss, I accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of Holmes.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir. 2005).  I also consider the documents attached to the complaint without converting these motions to dismiss into motions for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

[6] ECF 90 at 3–5.

24 karat gold.[7]  He also contends that, as part of these seizures, his then-lawyer Sean Sullivan of the law firm Kelly & Sullivan conspired with the officers (and other law enforcement officials) to deprive him of $70,000.

The police report Holmes submitted along with his original complaint undermines these contentions, particularly about the $70,000.[8]  In it, Metro officer Bradley Nickell details how one of Holmes's co-defendants confessed "to her knowledge and limited involvement in the commercial burglary ring that involved [Holmes] and other subjects."[9]  The co-defendant further shared that she had given $145,000 of the stolen money to Holmes.[10]

Soon after that, according to the report, two Metro officers and two ICE agents confronted Holmes about the money.[11]  Holmes, through his attorney Sean Sullivan, told the officers that he only had $70,000 of it left.[12]  Then, with Sullivan present, Holmes eventually entered into an agreement with Metro and ICE in which he agreed to turn over the $70,000 in exchange for ICE agreeing not to seek a federal money-laundering charge against him.[13]

Holmes pled guilty in state court to several charges, including burglary, theft, and possession of stolen property.[14]  Sullivan initially represented him but later withdrew as counsel before Holmes's plea was entered.[15]

**B.    State Court Lawsuits Against Sullivan and Kelly**

Holmes was sentenced to serve time in Nevada's High Desert State Prison.  From there, he

---

[7] ECF 87 at 14.

[8] ECF 8-1 at 43.

[9] *Id.* at 44

[10] *Id.*

[11] *Id.*

[12] *Id.* at 45.

[13] *Id.*

[14] Clark County District Court, Case No. C228752 and Case No. C247085.

[15] ECF 88 at 3.

has filed several civil lawsuits against Sullivan and his law partner Kevin Kelly.  The first lawsuit was filed in state court on June 10, 2010.[16]  The second lawsuit was filed on December 12, 2012.[17] Each lawsuit, like the one currently before me, contained claims about the property law enforcement seized from Holmes in the criminal case described above.  Each, too, was dismissed.

The crux of Holmes's lawsuits is that Sullivan and Kelly, while representing Holmes in his criminal matters, conspired with state and federal law enforcement officers "to extort and defraud"[18] him out of the $70,000 Holmes surrendered as part of his plea deal.  The district court judge in the first lawsuit dismissed without leave to amend three of the four claims Holmes brought against Sullivan and Kelly.[19]  The remaining claim was eventually dismissed as well,[20] and the Nevada Supreme Court denied Holmes's appeal.[21]

The district court judge in the second lawsuit granted defendants' motion to dismiss,[22] which was based on two arguments: (1) claim preclusion barred Holmes's claims because this second lawsuit involved the same facts and circumstances alleged in the first lawsuit, and the first lawsuit had already resulted in a judgment in defendants' favor; and (2) the statute of limitations barred Holmes's claims.[23]  Holmes's appeal to the Nevada Supreme Court's Civil Appeals Pilot Program remains pending.

---

[16] Clark Country District Court, Case No. A618586.  Defendants Kelly and Sullivan have included representative documents from the many filings from the state court cases, which I take judicial notice of under FRE 201. *See* ECF 88-2, 88-3; Fed. R. Evid. 201.

[17] Clark Country District Court, Case No. A-12-673241.

[18] *Compare* ECF 88-4 at ¶ 34 (First Amended Complaint in First Civil Lawsuit) *with*  ECF 87 at 5 (alleging that Kelly and Sullivan "conspired with agents from ICE Immigration Customs Enforcement Task Force, LVMD Detectives to illegally seize 70,000").

[19] ECF 88-3 at 13–14.

[20] *Id* at 56–57.

[21] *Id.* at 60–61.

[22] ECF 88-4 at 4–5.

[23] *Id*. at 2–16.

**C.     Civil Forfeiture Case Against Holmes**

An additional lawsuit bears on the outcome of Holmes's present federal case.  Metro filed a civil-forfeiture case on March 9, 2007, after Holmes was indicted by a Grand Jury on the burglary, theft, and possession of stolen property charges.[24]  Holmes was named as a party[25] and filed an answer to the civil-forfeiture complaint.[26]  He never, however, filed a counterclaim for return of the property he now claims was illegally seized.

**D.     This Federal Lawsuit**

On May 17, 2013, six years after the civil-forfeiture case, Holmes filed the present action.[27] In it, he alleges that back in 2006, when Holmes was being investigated for the crimes that led to his guilty plea, his lawyers, law enforcement, and federal law enforcement conspired to illegally seize property from him, including the $70,000 he surrendered in exchange for not being charged with money laundering.  He sues attorneys Sullivan and Kelly and their law firm for conspiracy to violate his Fourth, Fifth, Sixth, and Fourteenth Amendment rights.  He sues Metro, its Tourist Safety Unit, and Metro detectives Julie Hall, Roger Palmer, R. Anderson, Bradley Nickell, D. Franc, B. Fulmer, and P. Fielding, along with ICE and ICE agents S. Sampilo, and J. Kramarczyk for violating and conspiring to violate his Fourth, Fifth, and Fourteenth Amendment rights.[28]  He brings these claims under 42 U.S.C. §1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*.[29]

---

[24] ECF 100-2.

[25] *Id.*

[26] ECF 100-4.

[27] ECF 8.

[28] ECF 87 at 14.

[29] These claims are contained in Holmes's First Amended Complaint.  ECF 87.  His original complaint, ECF 1-1, 1-2, was screened under § 1915.  *See* ECF 7.  Judge Gordon noted that Holmes's claims fell into two categories: (1) claims 1–3, which allege an illegal seizure his property by law enforcement while executing the various search warrants during the criminal investigation of Holmes; and (2) claims 4–7, which allege that Sullivan and Kelly conspired with law enforcement officers and organizations to trick him out of the $70,000.  Judge Gordon expressed some reservations about claims 4–7 but

**E.      Not All Parties Have Been Served.**

Defendants Sampilo,[30] Kramarczyk,[31] and Holl[32] have not been served at all, and it is unclear whether ICE has been properly served.[33]  A notice under Rule 4 of the Federal Rules of Civil Procedure was sent out notifying Holmes that Sampilo, Kramarczyk, and Holl had not been served and that "this action [would] bee dismissed without prejudice as to [these parties] unless on or before 8/16/2015 there is filed with the clerk proof of service on" these individuals.[34]  Holmes responded by requesting more time to serve Holl,[35] but Magistrate Judge Foley denied his request.[36]  No FRCP 4(m) notice has yet gone out regarding the incomplete service on ICE.

**F.      The Motions to Dismiss**

Metro, its Tourist Safety Unit, Palmer, Anderson, Nickell, Fielding, Franc, and Fulmer (the Metro defendants) move to dismiss Holmes's claims, primarily arguing that the claims are time-barred because they involve events that occurred and injury known to this plaintiff more than six years ago.[37]  Sullivan, Kelly, and their law firm (the lawyer defendants) offer similar arguments in their own motion to dismiss.[38]  Because I find that these claims are patently time-barred under the applicable statutes of limitations, I grant both motions on this ground and do not reach the

---

nevertheless allowed all the claims to proceed.  *Id.* at 3.  He did, however, dismiss Holmes's claims against ICE defendants Fulmer, Kramaraczyk, and Sampilo in their official capacities "because that is effectively a suit against the federal government, and no such cause of action exits."  *Id.* (citing *Ibrahim v. Dept. of Homeland Security*, 538 F.3d 1250, 1257 (9th Cir. 2008).

[30] ECF 45.

[31] *Id.*

[32] ECF 76.

[33] *See* ECF 63 (ICE's opposition to Holmes's motion for default judgment).

[34] ECF 104.

[35] ECF 107. (In his request, Holmes indicated Holl also goes by the last name "Hager.")

[36] ECF 108.

[37] ECF 90.

[38] ECF 88.

1  defendants' other arguments.

2  **Discussion**

3        Holmes sues relief under 42 U.S.C. § 1983 and *Bivens*.  Because there is no federal statute of

4  limitations for these claims, I apply Nevada's statute of limitations for personal injury actions,[39]

5  which gives plaintiffs a two-year deadline for filing these claims.[40]  "Under federal law, a cause of

6  action accrues," and the two-year period begins to run, "when the plaintiff knows or has reason to

7  know of the injury [that] is the basis of the action."[41]

8  **A.  Holmes's Claims Against the Lawyer Defendants Are Time-Barred.**

9        Holmes alleges that all of the wrongful conduct by the lawyer defendants took place by

10  November 2006.[42]  And based on the pleadings in the first lawsuit he filed against these defendants

11  in state court, I can conclude that he knew or at least had reason to know of the injury that is the

12  basis of all of his claims against these lawyer defendants by September 3, 2010—the date when

13  Holmes filed his first amended complaint in state court and asserted that:

14        •    "Defendant Sullivan []made arrangements and personally gave [my] $70,000 to FBI
15             and/or Metro Authorities."[43]

16        •    "Defendant Sullivan assured [me] that he would take the necessary steps to later get
17             Plaintiff's $70,000 back from whomever he gave it to."[44]

18        •    "[I] later began to view Defendant Sullivan's action as a conspiracy and extortion plot
19             with FBI and/or Metro authorities to extort and defraud [me] out of $70,000."[45]

20        September 3, 2010, is also when Holmes asserted state claims against Kelly and Sullivan for

21

---

22  [39] *Van Strum v. Lawn*, 940 F.2d 406, 409–410 (9th 1991).

23  [40] N.R.S. 11.190(4)(3).

24  [41] *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

25  [42] ECF 87 at 1.

26  [43] ECF 88-4 at 17.

27  [44] *Id.*

28  [45] *Id.* at 17–18.

1   "denial of due process," alleging that "[a]s a result of Defendants's action, [I] have suffered

2   violations of [my] rights to due process under the Fourteenth Amendment of the U.S. Constitution

3   and Article I § 8 of the Nevada Constitution."[46] Any *Bivens* or § 1983 claim that Holmes wanted to

4   bring for these events had to be filed, at the latest, by September 3, 2012, to avoid being time-barred

5   by Nevada's two-year statute of limitations for these claims.  By the time Holmes filed this lawsuit

6   on May 17, 2013, his claims were fatally stale by at least eight months.   Accordingly, all of the

7   claims Holmes brings against Kelly and Sullivan are time-barred.  I therefore dismiss them with

8   prejudice.

9   **B.      Holmes's Claims Against the Metro Defendants are Similarly Time-Barred.**

10          Holmes's claims against the Metro defendants are similarly defective.  Each of the claims

11   stems from the seizure of property by the officers in the fall of 2006, so Holmes presumably should

12   have known of his injury, if any, by then.  At the latest, Holmes certainly knew or had reason to

13   know of the allegedly illegal seizure of his property by March 2007, when Metro initiated the civil

14   forfeiture case against that property.  Metro named Holmes as a party in the proceeding, and Holmes

15   filed an answer on March 29, 2007. [47]

16          Because Holmes did not file his federal claims against the Metro defendants until six years

17   later, those claims violate Nevada's two-year statute of limitations by four years.  I therefore dismiss

18   with prejudice all of Holmes's claims against the Metro defendants.  Holmes is denied leave to

19   amend because the relevant statutes of limitation bar him from bringing any of these claims at this or

20   any future time.

21   **C.      I Dismiss Holmes's Claims Against Sampilo, Kramarczyk, and Holl under FRCP 4(m).**

22          Rule 4(m) of the Federal Rules of Civil Procedure gives a plaintiff 120 days from filing a

23   complaint to serve the summons and complaint on all defendants: "If a defendant is not served

24   within 120 days after the complaint is filed, the court—on motion or its own after notice to the

25   plaintiff—must dismiss the action without prejudice against that defendant or order that service be

26

---

27   [46] *Id*. at 25.

28   [47] ECF 100-4.

1   made within a specified time."

2       Defendants Sampilo,[48] Kramarczyk,[49] and Holl[50] have not been properly served. [51]  A notice

3   under Rule 4(m) was sent out regarding the incomplete service of Sampilo, Kramarczyk, and Holl.[52]

4   Holmes responded by requesting more time to serve Holl.[53]  Magistrate Judge Foley denied Holmes's

5   request.[54]  No further action as been taken by Holmes.  I therefore dismiss Holmes's claims against

6   Sampilo, Kramarczyk, and Holl without prejudice under FRCP 4(m).

7   **D.      Order to Show Cause Why the Claims Against ICE Should Not Be Dismissed.**

8       When Holmes moved for default judgment (which was denied[55]), ICE opposed the motion

9   and said it had not been properly served.[56]  ICE explained that, to perfect service on this federal

10  agency, a plaintiff must actually serve three separate entities: (1) the agency itself, (2) the United

11  States Attorney for the district in which the action is brought, and (3) the Attorney General of the

12  United States.[57]  The Process Receipt and Return for ICE shows only that ICE, the agency, was

---

[48] ECF 45.

[49] *Id.*

[50] ECF 76.

[51] ECF 96.

[52] ECF 104.

[53] ECF 107.  In his request, Holmes indicated Holl also goes by the last name "Hager."

[54] ECF 108.

[55] ECF 96.

[56] ECF 63.  *See also* Fed. R. Civ. P. 4(i)(2) ("To serve a United States agency . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . ."); Fed. R. Civ. P. 4(i)(2) ("To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [**and**] (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . .").

[57] ECF 63 at 2.

served on July 3, 2014.[58]  There is no proof in the record that the U.S. Attorney or the Attorney General received service.  ICE has not answered.

It has been far more than 120 days since the subpoena was issued to ICE and since Holmes served the agency, and it appears that Holmes's claims may be subject to dismissal under FRCP 4(m).  **Holmes has until October 30, 2015, to file proof of timely <u>and complete</u> service on ICE** or show cause why this case should not be dismissed under Rule 4(m) for failure to effectuate timely and compete service on this lone remaining defendant.  **Holmes's failure to provide such proof or good cause by October 30, 2015, will result in the dismissal of his claims against ICE without prejudice** and this case will be closed.  If Holmes files a response to this show-cause order, ICE will have 10 days from the filing of that response to file its reply.

### Conclusion

Accordingly, it is HEREBY ORDERED that the lawyer defendants' motion to dismiss **[ECF 88] is GRANTED**.  **All claims against Sean P. Sullivan, Kevin M. Kelly, and the law firm of Kelly & Sullivan, Ltd., are DISMISSED with prejudice** as time-barred.

It is FURTHER ORDERED that the Metro defendants' motion to dismiss **[ECF 90] is GRANTED**.  **All claims against the Las Vegas Metropolitan Police Department, its Tourist Safety Unit, Brad Nickell, D. Franc, D. Fielding, B. Fulmer, Roger Palmer, and Ryan Anderson are DISMISSED with prejudice** as time-barred.

IT IS FURTHER ORDERED that **all claims against Sampilo, Kramarczyk, and Holl are DISMISSED** without prejudice under FRCP 4(m).

IT IS FURTHER ORDERED that **Holmes has until October 30, 2015, to file proof of timely <u>and complete</u> service on ICE** or show cause why this case should not be dismissed under Rule 4(m) for failure to effectuate timely and compete service.  **Holmes's failure to provide such proof or good cause by October 30, 2015, will result in the dismissal of his claims against ICE without prejudice**.  If Holmes files a response to this show-cause order, ICE will have 10 days from the filing of that response to file its reply.

---

[58] ECF 35.

1    This order results in the termination of plaintiff's claims against all parties except ICE.

2    DATED this 30th day of September, 2015

3

4                                    _____
                                     JENNIFER A. DORSEY
5                                    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28