# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HOLMES, III,

        Plaintiff,

vs.

METROPOLITAN POLICE DEPARTMENT, et al.

        Defendants.

Case No. 2:13-cv-00877-JAD-GWF

**ORDER**

    This matter is before the Court on Plaintiff's Motion to Issue Summons (#120), filed on November 30, 2015. Defendant, United States Immigration and Customs Enforcement (hereinafter "ICE"), filed its Response (#121) on December 17, 2015.

    On September 30, 2015 the District Court issued an Order dismissing all Defendants, aside from ICE, from the case. *See* Order (#109). The District Court dismissed, with prejudice, the claims against the Lawyer Defendants[1] and Metro Defendants[2] based on Plaintiff's failure to bring the instant suit during the applicable limitations period.[3] *Id.* at pg. 7-8. The claims against Defendants Sampilo, Kramarczyk, and Holl were dismissed without prejudice based on Plaintiff's failure to properly serve them within 120 days from the filing of the Complaint (#8) as prescribed

---

[1] The Lawyer Defendants include: Sean Sullivan, Esq. and Kevin Kelly, Esq.

[2] The Metro Defendants include: Las Vegas Metropolitan Police Department, Tourist Safety Unit, Roger Palmer, Ryan Anderson, Bradley Nickell, P. Fielding, Dale Franc, and B. Fulmer.

[3] "Any *Bivens* or § 1983 claim that Holmes wanted to bring for these events had to be filed, at the latest, by September 3, 2012, to avoid being time-barred by Nevada's two-year statute of limitations for these claims. By the time Holmes filed this lawsuit on May 17, 2013, his claims were fatally stale by at least eight months." Order (#109), pg. 8, lines 3-6.

by Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* at pg. 8. Lastly, the District Court ordered Plaintiff to show proof of proper service[4] on ICE or good cause as to why service on ICE had not been properly effectuated by October 30, 2015. *Id.* at pg. 10.

On October 30, 2015, Plaintiff filed his Response (#113) to the District Court's Order to Show Cause (#109). Therein, Plaintiff represented that he had diligently attempted to effectuate service on ICE, but had been unsuccessful. *See* Response (#113). Plaintiff requested an additional thirty (30) days in which to effectuate service upon ICE. *Id.* This Court granted Plaintiff's request and issued an Order (#115) allowing Plaintiff until November 30, 2015 to properly serve ICE and instructing the U.S. Marshall's Office to serve the summons and complaint on ICE.

Plaintiff now requests that the Court issue summons to the following "defendants": ICE, the Attorney General, the "agency itself", and the United States Attorney for the District of Nevada.[5] *See* Motion (#120). ICE represents that the Court should deny the Motion because "the Court has dismissed other defendants on grounds that are equally applicable to ICE." Response (#121), pg. 2, lines 2-3. Specifically, Plaintiff's claims against ICE allege a *Bivens*-type cause of action, and those claims may not proceed against federal agencies or federal agents sued in their official capacities. *Id.* ICE further asserts that Plaintiff's claims against it are also time-barred because they were not filed within the applicable limitations period. *Id.* Finally, ICE claims that the Court lacks subject matter jurisdiction over this case based on Plaintiff's failure to name the United States as a defendant and failure to limit the sought for compensation to $10,000 in accordance with 28 U.S.C. § 1346(a)(2). *Id.* The Court agrees. Based upon ICE's representations, issuing a summons in this matter appears to be futile. Accordingly,

. . .

---

[4] In order for Plaintiff to properly serve ICE, he "must actually serve three separate entities: (1) the agency itself, (2) the United States Attorney for the district in which the action is brought, and (3) the Attorney General of the United States." *See* Order (#109), pg. 9, lines 10-12.

[5] It appears that Plaintiff misunderstood the District Court's Order (#109). Plaintiff need only serve the summons issued to ICE on the Attorney General, the United States Attorney for the District of Nevada, and ICE itself. A separate summons to each of those entities is not required. Plaintiff's request for summons is not only procedurally inappropriate, it is unnecessary.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Issue Summons (#120) as it relates to ICE is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Issue Summons (#120) as it relates to the Attorney General, the "agency itself," and the United States Attorney for the District of Nevada is **denied** because these entities are not parties to this case.

**IT IS FURTHER ORDERED** that Plaintiff is ordered to show cause why his claims against ICE should not be dismissed based on the following grounds: (1) lack of waiver of sovereign immunity; (2) expiration of the statute of limitations; and (3) lack of subject matter jurisdiction.  Plaintiff shall have until **January 19, 2016** in which to provide good cause.  If Plaintiff fails to provide evidence that his claims against ICE are viable, this Court will recommend that the remaining claims against ICE be dismissed.

DATED this 18th day of December, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge