# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT HOLMES, III,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>METROPOLITAN POLICE DEPARTMENT, *et al.*<br><br>　　　　　Defendants. | Case No. 2:13-cv-00877-JAD-GWF<br><br>**REPORT AND**<br>**RECOMMENDATION** |

　　　　On December 18, 2015, the Court issued an Order (#122) that directed Plaintiff to show cause by January 19, 2016 why his claims against the United States Immigration and Customs Enforcement ("ICE") should not be dismissed based on the following grounds: (1) lack of waiver of sovereign immunity; (2) expiration of the statute of limitations; and (3) lack of subject matter jurisdiction. Plaintiff filed his Response (#123) on January 19, 2016 and ICE filed a Reply (#124) on January 29, 2016.

　　　　Plaintiff argues that ICE should not be dismissed because the statute of limitations had not expired at the time he filed his Complaint. Rather, Plaintiff asserts that his claims fall under a three (3) year statute of limitations, and as such, his claims against ICE were timely as he learned of the violation in November 2012 and filed his complaint on May 17, 2013. *See Dkt. #123*. However, Plaintiff's Complaint alleges that the incident giving rise to his cause of action occurred in November 2006. *See Complaint (#8).* Additionally, as ICE points out in its Reply, Plaintiff fails to cite to any authority supporting the assertion that his claims fall under a three (3) year statute of limitations

. . .

. . .

period. In dismissing Plaintiff's claims against the Lawyer Defendants[1] and the Metro Defendants,[2] the Court already held that the applicable statute of limitations in this case is governed by NRS 11.190(4)(3), which gives Plaintiff a two-year deadline for filing these claims. *See Order (#109), pg. 7.* Plaintiff's claims against ICE stem from the seizure of property in the fall of 2006. As a result, Plaintiff presumably should have known of his injury, if any, by that time. Because Plaintiff did not file his federal claims against ICE until May 17, 2013—six years later— they are barred by Nevada's two-year statute of limitations. Thus, Plaintiff's claims against ICE must be dismissed with prejudice.[3] Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against the United States Immigration and Customs Enforcement be **dismissed** with prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

. . .

. . .

. . .

. . .

---

[1] The Lawyer Defendants include: Sean Sullivan, Esq. and Kevin Kelly, Esq.

[2] The Metro Defendants include: Las Vegas Metropolitan Police Department, Tourist Safety Unit, Roger Palmer, Ryan Anderson, Bradley Nickell, P. Fielding, Dale Franc, and B. Fulmer.

[3] The Court also ordered Plaintiff to address why his claims should not be dismissed on the grounds that there was a lack of waiver of sovereign immunity and a lack of subject matter jurisdiction. Plaintiff failed to address these issues in his response to the Court's Order to Show Cause (#122).

factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 31st day of May, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge