UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Holmes, III,<br><br>    Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department, *et al.*,<br><br>    Defendants | 2:13-cv-00877-JAD-GWF<br><br>**Order Adopting Report and Recommendation, Denying Motion to Reconsider, Denying Motion for Relief From Judgment, and Closing Case**<br><br>[ECF Nos. 111, 112, 126] |

   In this civil-rights suit, pro se prisoner Robert Holmes sued his former lawyers, their law firm, the Las Vegas Metropolitan Police Department (Metro), several Metro detectives, the United States Immigration Customs Enforcement Task Force (ICE), and a number of its agents, alleging that these defendants conspired to violate his constitutional rights. Last September, I granted motions to dismiss all of Holmes's claims except those against ICE.[1] Holmes was directed to file proof of timely and complete service on ICE or show cause why those claims should not be dismissed.[2]

   When Holmes then moved the court to issue a summons for ICE,[3] the agency defeated the motion by raising sovereign-immunity, statute-of-limitations, and subject-matter-jurisdiction challenges,[4] and Magistrate Judge Foley ordered Holmes to show cause why his claims against ICE should not be dismissed on those grounds.[5] Judge Foley was unpersuaded by Holmes's response, and he now recommends that I dismiss Holmes's claims against ICE.[6]

---

[1] ECF No. 109.

[2] *Id.*; ECF No. 115. I originally gave homes until 10/30/15, but Magistrate Judge Foley granted Holmes's request to enlarge that time and extended the deadline to 11/30/15.

[3] ECF No. 120.

[4] ECF No. 121.

[5] ECF No. 122.

[6] ECF No. 126.

Holmes filed no objections to Judge Foley's recommendation,[7] but he asks me to reconsider and set aside my dismissal order.[8]  Because Holmes's claims are subject to Nevada's two-year statute of limitations for personal-injury actions, they are time-barred.  I therefore deny Holmes's motion to reconsider, adopt Judge Foley's report and recommendation, dismiss all claims against ICE with prejudice as time-barred, and direct the Clerk of Court to close this case.[9]

## Background

Holmes alleges that his former lawyers conspired with law enforcement agents and organizations in 2006 to illegally seize property from him, including $70,000.  He sued the lawyers, their law firm, the Las Vegas Metropolitan Police Department ("Metro"), several Metro detectives, ICE, and a number of its agents, alleging civil-rights violations under 42 U.S.C. § 1983.

On September 30, 2015, I dismissed all claims against the lawyers and their law firm and against Metro and its detectives with prejudice as time-barred, and I dismissed all claims against the individually named ICE agents without prejudice under FRCP 4(m), leaving ICE as the only remaining defendant in this case.[10]  Because the record showed that ICE had not been properly served, I ordered Holmes to file proof of timely and complete service on ICE by October 30, 2015.[11]

Holmes filed his response to my show-cause order on the day the deadline to do so expired.  In his response, Holmes indicated that he had diligently attempted to serve ICE but had been unsuccessful, and he requested—and received—an additional 30 days.[12]

---

[7] Objections were due by June 17, 2016.  *See* ECF No. 126.

[8] ECF Nos. 111, 112.

[9] I find these matters suitable for disposition without oral argument.  L.R. 78-1.

[10] ECF No. 109.

[11] *Id.* at 10.

[12] ECF Nos. 113, 115.

On the day his extended deadline expired, Holmes filed a motion to issue summons to ICE, the Attorney General, the "agency itself," and the United States Attorney for the District of Nevada.[13] ICE responded that issuing a summons would be futile because (1) *Bivens* claims may not proceed against federal agencies or federal agents sued in their official capacities, (2) Holmes's claims are time-barred, and (3) the court lacks subject-matter jurisdiction over this case because Holmes failed to name the United States as a defendant and to cap his damages-request at $10,000 as required by 29 U.S.C. § 1346(a)(2).[14] Magistrate Judge Foley agreed, denied Holmes's motion to issue summons, and ordered Holmes to show cause why his claims against ICE should not be dismissed for (1) lack of waiver of sovereign immunity, (2) expiration of the statute of limitations, and (3) lack of subject-matter jurisdiction.[15]

In his two-page response to the show-cause order, Holmes reiterates the allegations in his complaint against all defendants and—without citing to any legal authority—asserts that the statute of limitations for his claims is three years, not two.[16] He ignores completely the sovereign-immunity and jurisdiction issues. Magistrate Judge Foley recommends that I dismiss Holmes's claims against ICE as time-barred because when I dismissed Holmes's claims against all of the other defendants, I concluded that Holmes's claims are governed by the two-year statute of limitations in NRS § 11.190(4)(3).[17] Holmes has filed no objections to the magistrate judge's report and recommendation or requested an extension to do so, and the deadline for filing objections has expired.

---

[13] ECF No. 120.

[14] ECF No. 121.

[15] ECF No. 122.

[16] *Id.* at 1.

[17] ECF No. 126 at 2 (citing ECF No. 109 at 7).

**Discussion**

**A.     I adopt the magistrate judge's report and recommendation and dismiss all claims against ICE with prejudice as time-barred.**

As I explained in my dismissal order, there is no federal statute of limitations for Holmes's 42 U.S.C. § 1983 and *Bivens* claims, so Nevada's two-year statute of limitations for personal-injury actions applies.[18] Holmes asserts that his claims against ICE are timely because he learned of the allegedly illegal asset seizure in November 2012 and filed his complaint in May 2013. But all of Holmes's claims stem from the seizure of his property in fall of 2006. Because Holmes did not file his federal claims against ICE until May 17, 2013—more than six years later—they are barred by Nevada's two-year statute of limitations. Accordingly, all claims against ICE are dismissed with prejudice as time-barred.

**B.     Holmes's motion to reconsider and motion for relief from judgment are denied.**

In these motions, Holmes again argues that his claims are governed by a three-year statute of limitations and that his claims are therefore timely. The United States Supreme Court has consistently held that the statute of limitations for § 1983 claims is "that which the State provides for personal-injury torts."[19] The same goes for *Bivens* claims.[20] The United States Supreme Court has also explained that if a state has multiple statutes of limitations, "courts considering 1983 claims should borrow the general or residual statute for personal injury actions."[21]

NRS § 11.190 provides multiple statutes of limitations for different types of personal-injury actions. Holmes argues that, because he is seeking to recoup property, his claims are governed by the three-year statute of limitations for taking property under NRS § 11.190(3). Unfortunately for Holmes, the residual two-year statute of limitations provided under NRS § 11.190(4)(e) governs his claims not the more specific three-year limitations period for takings claims. Because Holmes has

---

[18] ECF No. 109 at 7 (citing *Van Strum v. Lawn*, 940 F.2d 406, 409–10 (9th Cir. 1991).

[19] *See Wallace v. Kato*, 649 U.S. 384, 387 (2007).

[20] *Van Strum v. Lawn*, 940 F.2d 406, 409–10 (9th Cir. 1991).

[21] *Owens v. Okure*, 488 U.S. 235, 250 (1989).

given me no valid reason to disturb my conclusion that his claims are time-barred under Nevada's residual two-year limitations period for personal-injury actions, his motion to reconsider and set aside my dismissal order is denied.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Holmes's motion to reconsider [ECF No. 111] and motion for relief from judgment [ECF No. 112] are DENIED.**

IT IS FURTHER ORDERED that **Magistrate Judge Foley's report and recommendation [ECF No. 126] is ADOPTED; Holmes's claims against ICE are dismissed with prejudice as time-barred.**

The Clerk of Court is instructed to enter judgment accordingly and CLOSE THIS CASE.

Dated this 21st day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge